# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ISAAC E. SLAPPY,<br>#63535,<br><br>             Petitioner,<br><br>v.<br><br>R. BAZZLE, WARDEN,<br>HENRY MCMASTER,<br>ATTORNEY GENERAL OF<br>THE STATE OF SOUTH<br>CAROLINA,<br><br>             Respondents. | CIVIL ACTION NO. 0:05-14-DCN-BM<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, an inmate with the South Carolina Department of Corrections ("SCDC") and a frequent filer of litigation in this Court, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The petition was filed on January 21, 2005.

The Respondents filed a return and motion for summary judgment on April 18, 2005. As the Petitioner is proceeding pro se, a Roseboro order was filed on April 20, 2005, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner

---

[1] Although Petitioner filed this action on a standard § 1983 Complaint form, the issues raised and the relief requested are properly brought and considered in habeas actions under § 2241, and the undersigned has therefore considered this matter as a § 2241 habeas petition. See Order filed January 25, 2005.



thereafter filed a memorandum in opposition to summary judgment on May 19, 2005. This matter is now before the Court for disposition.[2]

### Background

In his verified Petition[3], Petitioner

> alleges that he is actually innocent of his disciplinary charge, but was convicted as a result of racial discrimination, a violation of his right to privacy from the opposite sex, and a denial of substantive and procedural due process...She was charging me with sexual misconduct, a 2.9 indecent exposure violation....[apparently for exiting a shower unclothed in her presence].

Petitioner contests the evidence that was presented against him, and requests that the Court reverse his conviction and order the Department of Corrections to reinstate his inmate pay and all payments lost as a result of this conviction. See generally, Verified Petition.

### Discussion

Respondents have moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

---

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3] In this Circuit, verified complaints or petitions filed by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint or Petition in this case. Therefore, the undersigned has considered the factual allegations set forth in the verified pleading in issuing a recommendation in this case.



and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

After careful consideration of the arguments and evidence submitted, the undersigned finds and concludes that, even assuming Petitioner could set aside the alleged discriminatory disciplinary action complained about, it would have no effect on the duration of his sentence because he did not lose any good time credits as a result of the disciplinary action imposed. Therefore, the Petitioner is not entitled to habeas relief from this Court under the facts presented. Dixon v. Hastings, No. 04-40346, 117 Fed.Appx. 371, 372 (5th Cir. Jan. 4, 2005), [Where alleged acts of retaliation have not extended the duration of a petitioner's sentence, he is not entitled to habeas relief.]; Cannon v. Dretke, No. 02-1864, 2005 WL 562678 (N.D.Tex. March 9, 2005) ["Because petitioner has alleged no loss of good-time credits or denial of eligibility for release on mandatory supervision, he has stated no due process violation cognizable under 28 U.S.C. § 2254"], Report and Recommendation adopted by, 2005 WL 724473 (N.D.Tex. March 30, 2005).

Further, even if Petitioner's claim could be properly considered under 42 U.S.C. § 1983, he has still failed to set forth a valid constitutional claim. The disciplinary records provided to the Court show that an incident report was filed on March 24, 2002, that Petitioner had

3



a hearing at which he was present, and that as a result of his conviction he received only a thirty (30) day loss of phone privileges and thirty (30) days loss of canteen privileges.[4] These records, and the minor penalty imposed for Petitioner's conviction, do not implicate a constitutional violation.[5] See Dudgeon v. Frank, No. 04-75, 2004 WL 1196820 (W.D.Wis. May 26, 2004) ["[I]n the prison context, protected liberty interests are essentially limited to the loss of good time credits because the loss of such credit affects the duration of an inmate's sentence…However, [the] claim must fail if no good time credits were taken, because no liberty interest is implicated by any

---

[4] These records reflect that whatever right to good time credits Petitioner has, they were not affected. See SCDC Offender Management System Report dated April 5, 2002.

[5] Petitioner does allege that he was treated differently because of his race, which could give rise to a claim under § 1983. See Tilden v. Pate, 390 F.2d 614, 616 (7th Cir. 1968)["[I]t is impermissible for prison authorities to discriminate against inmates on account of their race . . . ."]; Buford v. Sutten, No. 04-959, 2005 WL 756092 at * 3 (W.D.Wis. Mar. 29, 2005)["An individual seeking relief on a claim of race discrimination under the equal protection clause must allege facts suggesting that a person of a different race would have been treated more favorably."](citing Jaffe v. Barber, 689 F.2d 640, 643 (7th Cir. 1982). Cf Wilson v. Wigen, No. 96-0620, 1997 WL 158117 at * 3 (E.D.Pa. Mar. 31, 1997). However, Petitioner has only generally asserted differential treatment (alleging that he was changed for coming out of the shower, while a white inmate was not.) See Complaint, p. 3. Petitioner has not presented evidence concerning what the white inmate was doing, if he was engaged in similar conduct to the Plaintiff, or any other specifics. Petitioner's complaint that two white inmates were found not guilty of disciplinary infractions around the same time he was found guilty is also insufficient to state a claim. Little is presented about these two cases other than what the inmates were charged with.  These conclusory allegations are not sufficient to show a constitutional violation.   See Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986)["(Plaintiff's) conclusory allegations of racial discrimination are not sufficient to establish liability."]; Jaffe v. Federal Reserve Bank of Chicago, 586 F.Supp. 106, 109 (N.D.Ill. 1984) [A plaintiff "cannot merely invoke his race in the course of the claim's narrative and automatically be entitled to pursue relief"]; cf. May v. Baldwin, 895 F.Supp. 1398, 1410 (D.Or. 1995)["Though prison authorities may not discriminate against inmates on the basis of their race, plaintiff offers no evidence that he has been mistreated by prison officials because he is black."](internal citation omitted), aff'd, 109 F.3d 557 (9th Cir. 1997), cert. denied, 522 U.S. 921 (1997).



lesser penalty, such as the loss of a prison job."][6]; Boyd v. Anderson, 265 F.Supp.2d 952, 963 (N.D.Ind. May 9, 2003) ["Prisoners have no constitutionally protected liberty or property interest in a particular prison job assignment."]; Rainer v. Westbrooks, 04-2296, 2005 WL 1181940, *6 (W.D.Tenn. 2005) ["Thus, an inmate generally cannot maintain a due process claim based on his confinement in segregation, particularly where, as here, he suffered no loss of good time credit."]; Brown v. Johnson, No. 00-232, 2001 WL 183003 at *4 (N.D.Tex. 2001); Ingram v. Paplia, 804 F.2d 595, 596-597 (10th Cir. 1986) [concluding that constitution does not create a property interest in prison employment]; Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980) [holding that prisoner's expectation of keeping prison job does not amount to a property interest subject to due process protection]; Murphy v. Fenton, 464 F.Supp. 53, 59 (M.D.Pa. September 28, 1978) ["[P]laintiff's job was not lost through arbitrary or capricious action, plus the fact that Plaintiff is not constitutionally entitled to a particular prison job and did not lose any good time to which he would otherwise had been statutorily entitled."]

Accordingly, Petitioner has failed to show entitlement to relief on this claim.

**Conclusion**

Based on the foregoing, it is recommended that Respondents' motion for summary

---

[6]Although Petitioner requests reinstatement of his inmate pay and all associated wages, the records do not indicate that the disciplinary action taken included the loss of his job. However, even assuming he lost his prison job, it would not implicate a constitutional violation. Dudgeon v. Frank, supra.



5

judgment be **granted**, and that this Petition be **dismissed**.

    The parties are referred to the Notice Page attached hereto.

                    _____
                    Bristow Marchant
                    United States Magistrate Judge

Columbia, South Carolina

October 25, 2005

6

### Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

7

